UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINO DE LUCA,<br><br>    Plaintiff,<br><br>v.<br><br>FRANCISCO MORENO,<br><br>    Defendant. | 1:16-cv-01887-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br>(ECF NOS. 3 & 5)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

    Dino De Luca ("Plaintiff") is a person detained by the State of California under civil process. He is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 19, 2016, Plaintiff filed his complaint. (ECF No. 1). On January 12, 2017, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant Francisco Moreno for excessive force in violation of the Fourteenth Amendment. (ECF No. 5). The Court also found service of the complaint appropriate, and sent Plaintiff service documents that Plaintiff was to complete and return within thirty days from the date of service of the screening order. (Id.).

    Because a notice the Court sent to Plaintiff on February 17, 2017, was returned as undeliverable, the Court resent the screening order to Plaintiff on March 1, 2017.

    The time period for Plaintiff to complete and return the service documents has expired, and Plaintiff has not completed and returned the service documents. Additionally, Plaintiff failed to keep the Court informed of his current address, as required by Local Rule 183(b) and the First Informational Order in Prisoner/Civil Detainee Civil Rights Case (ECF No. 3, p. 5). Accordingly, the Court will recommend that Plaintiff's case be dismissed for failure to comply

with a court order and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to complete and return the service documents that is causing delay. The deadline for Plaintiff to complete and return the service documents expired almost four months ago. The case is now stalled until Plaintiff completes and returns the service documents. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id. at 643.

After weighing the factors, the Court finds that dismissal without prejudice is

appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice, based on Plaintiff's failure to prosecute this case and failure obey the Court's order of January 12, 2017 (ECF No. 5); and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**May 11, 2017**__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE